UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARL NEWMAN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: |
| | * | |
| ST. TAMMANY PARISH HOSPITAL | * | JUDGE |
| SERVICE DISTRICT NO. 2 D/B/A | * | |
| SLIDELL MEMORIAL HOSPITAL | * | MAGISTRATE: |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW COMES Carl Newman, a person of the full age of majority and a resident of the County of Pearl River, State of Mississippi, who respectfully represents:

### JURISDICTION AND VENUE

I.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 based upon diversity of citizenship. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

II.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1391. Plaintiff is a citizen of the State of Mississippi. The events that are the subject of this claim occurred in St. Tammany Parish.

III.

The defendant, St. Tammany Parish Hospital Service District No. 2 d/b/a Slidell Memorial Hospital, (hereinafter referred to as "Slidell Memorial Hospital"), is a political

subdivision of the State of Louisiana operating and doing business in the Parish of St. Tammany, State of Louisiana.

## FACTS AND CAUSES OF ACTION

IV.

On December 13, 2009, plaintiff, Carl Newman, underwent surgery at Slidell Memorial Hospital that included a right hemilaminectomy at L5 and an inferior L4 excision of an extruded disc fragment. Following the surgery, Mr. Newman was admitted to the acute care floor of Slidell Memorial Hospital. After his surgery, Mr. Newman was paraplegic and was unable to turn himself. Because of his back injury, he also experienced fecal and urinary incontinence. Due to the violations of the standard of care on the part of the employees and agents of Slidell Memorial Hospital listed hereinafter, Carl Newman sustained a skin lesion that progressed into a Stage IV decubitus ulcer. The sacral decubitus ulcer continued to worsen and became infected requiring surgeries, debridement of the wound, and colostomy surgeries. In addition, plaintiff went into acute renal failure secondary to volume depletion and sepsis. Because of the defendant's neglect, Mr. Newman was required to be transferred into long-term care at a nursing-home facility upon his discharge from Slidell Memorial Hospital.

V.

The above described medical conditions were caused by the negligence of the defendant, Slidell Memorial Hospital, through its employees and agents, which acts and omissions are imputed to Slidell Memorial Hospital and include, but are not limited to, the following, to-wit:

    A.    In initially failing to properly assess the patient's risk to develop pressure ulcers.

B. In failing to timely order an appropriate mattress when plaintiff's Braden Scale score indicated that he was at a moderate-to-high risk for developing pressure ulcers.

C. In failing to prevent and adequately manage plaintiff's sacral pressure ulcers.

D. In failing to timely consult a wound-care nurse.

E. In failing to assess plaintiff's proper nutritional status and requirements and in failing to obtain a proper dietary consultation that subsequently led to plaintiff's malnutrition and dehydration.

F. In failing to provide adequate pressure relief and turning schedules to the plaintiff, but instead in attempting to have the plaintiff become responsible for turning himself when he was unable to do so without assistance.

G. In failing to protect plaintiff's wound from fecal-matter contamination.

H. In failing to properly monitor plaintiff's hydration status causing compromise to his immune system's ability to fight the ongoing infection that resulted in acute renal failure.

I. In protractively delaying proper treatment of plaintiff's decubitus ulcer.

J. Other acts and omissions listed in the Medical Review Panel Opinion, a copy of which is attached hereto as Exhibit "A" as well as those that will be proven at the trial of this matter.

VI.

A Medical Review Panel convened on December 12, 2012 and rendered an unanimous opinion that defendant's conduct in caring for the plaintiff fell below the appropriate standard of care. Plaintiff also avers that the Medical Review Panel Opinion is the best evidence of its

contents and is attached hereto and made a part hereof this pleading as Exhibit "A." Since no settlement offer has been made by defendants since the finding of the Medical Review Panel and plaintiff has been forced to file suit, in accordance with the provisions of R.S. 40:1299.47(I)(2)(d) the defendants are required to post a cash or surety bond to be approved by this Court in the amount of all costs of the Medical Review Panel to secure payment of the Medical Review Panel costs.

VII.

As a direct and proximate result of the above described collision, plaintiff, Carl Newman, has sustained serious and permanent injuries, including:  hospital-acquired decubitus pressure ulcer Stage IV of the sacrum, post debridement and diverting colostomy; acute kidney injury resulting in chronic kidney disease; hypophosphatemia; hypomagnesaemia; hypokalemia; fungal skin infection around decubitus ulcer; anxiety; and, depression, as well as other injuries.  The above-described injuries resulted in a severe compromise to plaintiff's immune system and resulted in an accelerated decline of plaintiff's good health and overall well-being.  Your petitioner, Carl Newman,  has sustained general and special damages which include, but are not limited to, pain and suffering, mental anguish and distress, embarrassment, humiliation, permanent scarring, disability and disfigurement, medical expenses (both past and future), and loss of enjoyment of life, all of which will continue into the future. As a consequence, plaintiff is entitled to judgment in an amount of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS, or in such reasonable sum to be decided by this Honorable Court that is fair and equitable under the circumstances.

VIII.

Plaintiff prays for a trial by jury on all issues.

**PRAYER**

WHEREFORE, plaintiff, Carl Newman, prays for relief as follows:

1. That after due proceedings had, there be judgment herein, in his favor and against the defendant Slidell Memorial Hospital for the sum mentioned herein above or in such a reasonable sum to be decided by this Honorable Court that is fair and equitable under the circumstances;

2. For all costs of these proceedings, together with judicial interest;

3. That the defendant Slidell Memorial Hospital be ordered to post a cash or surety bond to secure the cost of the Medical Review Panel with the Clerk of Court on a date to be set by this Honorable Court; and,

4. That plaintiff be granted such other relief as justice of this cause may require.

    Respectfully submitted:

    **STANGA & MUSTIAN**
    A Professional Law Corporation


    BY:   s/Alonzo T. Stanga, III
          **ALONZO T. STANGA, III (#12397)**
          3117  22nd Street, Suite 6
          Metairie, Louisiana  70002
          Telephone:  (504) 831-0666
          Facsimile:   (504) 831-0726
          E-mail:  ats@stangamustian.com